

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | **AMENDED** |
| MOHAMMAD IRFAN | Case Number: CR-05-167(S)-1(FB) |
| | USM Number: 72397-053 |
| | SABRINA SCHROFF, ESQ., 350 BROADWAY, SUITE 700,, NEW YORK, NY 10013 |
| | Defendant's Attorney |

**THE DEFENDANT:**

Ø pleaded guilty to count(s)  ONE AND TWO OF A SUPERSEDING INFORMATION.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
| --- | --- | --- | --- |
| T. 18 U.S.C. 1029 | CONSPIRED TO COMMIT CREDIT CARD FRAUD | | 1(S) |
| T. 18 U.S.C. 1028 | TRANSFER OF FRAUDULENT SOCIAL SECURITY CARDS | | 2(S) |

The defendant is sentenced as provided in pages 2 _____ of this judgment. The sentence is imposed the Sentencing Reform Act of 1984.

Ø Count(s) UNDERLYING INDICTMENT  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 22, 2006
Date of Imposition of Judgment

Frederic Block
Signature of Judge

DATED 6/22/2006
ROBERT C. HEINEMANN
CLERK
BY

HONORABLE FREDERIC BLOCK
Name and Title of Judge

June 22, 2006
Date

DEFENDANT: MOHAMMAD IRFAN
CASE NUMBER: CR-05-167(S)-1(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TIME SERVED ON COUNTS ONE AND TWO OF THE SUPERSEDING INFORMATION.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page _____ of _____

DEFENDANT: MOHAMMAD IRFAN
CASE NUMBER: CR-05-167(S)-1(FB)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) YEARS ON COUNTS ONE AND TWO OF THE SUPERSEDING INFORMATION. THE TERM OF SUPERVISED RELEASE ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO.245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment---Page _____ of _____

DEFENDANT:      MOHAMMAD IRFAN
CASE NUMBER:    CR-05-167(S)-1(FB)

## ADDITIONAL SUPERVISED RELEASE TERMS

THE DEFENDANT SHALL NOT RE-ENTER THE U.S. ILLEGALLY,, ONCE DEPORTED.

AO.245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment---Page _____ of _____

DEFENDANT:      MOHAMMAD IRFAN
CASE NUMBER:    CR-05-167(S)-1(FB)

## ADDITIONAL SUPERVISED RELEASE TERMS

THE DEFENDANT SHALL NOT RE-ENTER THE U.S. ILLEGALLY,, ONCE DEPORTED.

DEFENDANT: MOHAMMAD IRFAN
CASE NUMBER: CR-05-167(S)-1(FB)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 00.00 | $ 696,808.74 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| AMERICAN EXPRESS WORLD FINANCIAL CENTER, NORTHEAST REGION 200 VESEY STREET NEW YORK, NY 10285- ATTN FRAUD | $226,600.50 | $226,600.50 | |
| BANK OF AMERICA 1825 E. BUCKLEY RD. PHOENIX, AZ. 58034 ATTN: A29-503-0210 | $111,256.40 | $111,256.40 | |
| CITIBANK NA CREDIT CARD 1 COURT SQUARE, 41 LONG ISLAND CITY, NY 11120 ATTN: DONNA ROLLO | $181,925.24 | $181,925.24 | |
| **TOTALS** | $ 519782.14 | $ 519782.14 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

0 The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   0 the interest requirement is waived ☐ fine ☐ restitution.

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:
CASE NUMBER:

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| FDS BANK/MACYS/BLOOMINGDALES<br>7 WEST 7 STREET<br>CINCINNATTI, OHIO 15219<br>ATTN: LAW DEPARTMENT/ CAROL BRUSER | $111,768.36 | $111,768.36 | |
| ASPIRE<br>P.O. BOX 105555<br>ATLANTA, GEORGIA 30348<br>ATTN.: SUBPOENA COMPLIANCE | $15,760.06 | $15,760.06 | |
| FIRST USA BANK<br>111 MONUMENT CIRCLE<br>INDIANAPOLIS, INDIANA 46277<br>ATTN.: SUBPOENA COMPLIANCE | $26,880.17 | $26,880.17 | |
| PROVIDIAN NATIONAL BANK<br>295 MAIN STREET<br>TILTON, NEW HAMPSHIRE 03276<br>ATTN.: SUBPOENA COMPLIANCE | $22,618.01 | $22,618.01 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page _____ of _____

DEFENDANT:
CASE NUMBER:

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| FDS BANK/MACYS/BLOOMINGDALES<br>7 WEST 7 STREET<br>CINCINNATTI, OHIO 15219<br>ATTN: LAW DEPARTMENT/ CAROL BRUSER | $111,768.36 | $111,768.36 | |
| ASPIRE<br>P.O. BOX 105555<br>ATLANTA, GEORGIA 30348<br>ATTN.: SUBPOENA COMPLIANCE | $15,760.06 | $15,760.06 | |
| FIRST USA BANK<br>111 MONUMENT CIRCLE<br>INDIANAPOLIS, INDIANA 46277<br>ATTN.: SUBPOENA COMPLIANCE | $26,880.17 | $26,880.17 | |
| PROVIDIAN NATIONAL BANK<br>295 MAIN STREET<br>TILTON, NEW HAMPSHIRE 03276<br>ATTN.: SUBPOENA COMPLIANCE | $22,618.01 | $22,618.01 | |

DEFENDANT:      MOHAMMAD IRFAN
CASE NUMBER:    CR-05-167(S)-1(FB)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance     ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ◯ Payment to begin immediately (may be combined with   ◯ C,    ◯ D, or    ☐ F below); or

**C** ◯ Payment in equal __QUARTERL__ (e.g., weekly, monthly, quarterly) installments of $ __25.00__ over a period of __MONTHS__ (e.g., months or years), to commence __30__ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ◯ Payment in equal __MONTHLY__ (e.g., weekly, monthly, quarterly) installments of $ __25% NET__ over a period of __MONTHL__ (e.g., months or years), to commence __30__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:      MOHAMMAD IRFAN
CASE NUMBER:    CR-05-167(S)-1(FB)

## ADDITIONAL FORFEITED PROPERTY

THE DEFENDANT SHALL FORFEIT PROPERTY IN ACCORDANCE WITH THE PRELIMINARY ORDER OF FORFEITURE SIGNED ON MARCH 21, 2006. SEE ATTACHED ORDER.

SLR:EDB:BGK
F.#2005V00276

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MOHAMMAD IRFAN,
    also known as "Mohammad Ali,"
"Mohammad Asghar," and
"Kaloo,"

    Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

Criminal No.
05-CR-0167 (FB)

WHEREAS, in the Forfeiture Allegation of the Superseding Information in the above-captioned case the United States sought forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property which constituting or derived from proceeds obtained directly or indirectly as a result of violation of Title 18, United States Code, Section 1029, to wit knowingly and intentionally conspiring to effect transactions with one or more access devices issued to another person or persons, and/or violation of Title 18, United States Code, Section 1028, to wit, knowingly and intentionally transferring an identification document, knowing that such document was stolen and produced without lawful authority, as alleged in the Superseding Information; and

WHEREAS, on December 21, 2005, in the above-captioned case, the defendant waived indictment and pled guilty to Counts One and Two of the Superseding Information, to wit, knowingly and intentionally conspiring to effect transactions with one or more access devices issued to another person or persons, in violation of Title 18, United States Code, Section 1029, and knowingly and intentionally transferring an identification document, knowing that such document was stolen and produced without lawful authority, in violation of Title 18, United States Code, Section 1028; and

WHEREAS, pursuant to the defendant's plea agreement, the defendant agreed and consented to forfeit to the United States:

(i) any and all monies found in the following bank accounts and/or safety deposit boxes, which are under the defendant's sole control:

(A) Greenpoint/North Fork Bank account number 6199071256 in the account holder name Amina Asghar;

(B) Commerce Bank account number 7917853690 in the account holder name Samia Nazario;

(C) Safety deposit box number 893, registered to Samia Nazario, social security number 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, located at Commerce Bank, Queens Boulevard and 71st Road, Forest Hills, NY 11375;

(D) Wells Fargo Bank account number 6451833096 in the account holder name Myong Cha;

(E) State Farm account numbers 1008509777 and 1008509780, both held in the account holder name Ghulam Mir;

(F) Bank of America/Fleet Bank account numbers 9449341447 and 004656400610 in the account holder names of Amina Asghar and Ighulam Khan, respectively; and

(G) JP Morgan Chase account number 922001454865 in the account holder name Amina Asghar.

(ii) items of jewelry with a total value of approximately $70,000, seized by law enforcement officers during a search of the premises at 86-75 Midland Parkway, Apartment 4J, Jamaica, NY, on February 2, 2005, including gold bracelets, rings, earrings, pendants and necklaces and one Movements watch with case and band (the "Seized Jewelry"); and

(iii) one black Honda Accord bearing Vehicle Identification Number 1HGCM56343A037004, registered to Mohamed Irfan, 133-05 101st Avenue, 2nd Floor, Richmond Hills, NY,

(collectively, the "Forfeited Property").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Title 18, United States Code, Section 982(a)(2)(B), forfeiture of the Forfeited Property shall be and hereby is entered against the defendant, and the defendant shall forfeit all of his right, title and interest in the Forfeited Property.

2. Upon entry of this Order, the United States Attorney General, or his designee, including the United States Bureau of Immigration and Customs Enforcement, is authorized to seize and hold until further order of this Court the Forfeited Property and to conduct any discovery necessary to identify or dispose of the Forfeited Property, and any discovery necessary to resolve disputes regarding third parties in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), including seizing all funds found in the following financial accounts and/or safety deposit boxes: (A)

Greenpoint/North Fork Bank account number 6199071256 in the account holder name Amina Asghar; (B) Commerce Bank account number 7917853690 in the account holder name Samia Nazario; (C) Safety deposit box number 893, registered to Samia Nazario, social security number 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, located at Commerce Bank, Queens Boulevard and 71st Road, Forest Hills, NY 11375; (D) Wells Fargo Bank account number 6451833096 in the account holder name Myong Cha; (E) State Farm account numbers 1008509777 and 1008509780, both held in the account holder name Ghulam Mir; (F) Bank of America/Fleet Bank account numbers 9449341447 and 004656400610 in the account holder names of Amina Asghar and Ighulam Khan, respectively; and (G) JP Morgan Chase account number 922001454865 in the account holder name Amina Asghar.

3. The defendant agrees to fully assist the government in effectuating the surrender of the Forfeited Property.

4. The United States shall publish notice of this Preliminary Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct.

5. The defendant agrees not to assert any claim or assist any other person to assert any claim to any of the properties forfeited pursuant to this Preliminary Order of Forfeiture in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of forfeiture allegations, and waives any and all defenses to the forfeiture described in this Preliminary Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

6. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

7. Any person, other than the defendant, asserting a legal interest in the Forfeited Property must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Property, and for an amendment to this Order, pursuant to Fed. R. Crim. P. 32.2(c).

8. Any petition filed by a third-party asserting an interest in the Forfeited Property shall: (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property; and (iii) any additional facts supporting the petitioner's claim and relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any assets identified and/or seized in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

11. At the expiration of the period provided by statute, or, in the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward twelve (12) certified copies of this Order to Assistant U.S. Attorney Brendan G. King, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~February~~ MARCH 21, 2006

**Frederic Block**
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE